IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                                                     PLAINTIFF

v.                                    Case No. 4:15-cv-4096

NURSE ROSE, *et al.*                                                                  DEFENDANTS

## **ORDER**

Plaintiff, Melton Lee Miller, submitted this *pro se* action for filing on September 25, 2015. ECF No 1. Currently before the Court are Plaintiff's failure to follow a Court Order and failure to prosecute.

On September 25, 2015, Plaintiff filed his complaint (ECF No. 1 ), and the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* status ("IFP") application or pay the filing fee by October 19, 2015.  ECF No. 3.  The Order advised Plaintiff to keep the Court apprised of any address changes.  On October 6, 2015, the Order was returned as undeliverable.

On September 28, 2015, Plaintiff notified the Court he had been transferred to the Arkansas Department of Correction - Ouachita River Unit ("ORU"), and the September 25, 2015 Order was sent to Plaintiff at ORU.  ECF No. 5.  This mailing was not returned as undeliverable mail.  Plaintiff failed to either respond with a completed IFP application or pay the filing fee.

On October 27, 2015, the Magistrate Judge Barry A. Bryant issued an Order to Show Cause directing Plaintiff to show cause by November 16, 2015, as to why he failed to comply with the September 25, 2015 Order.  Plaintiff was also advised that failure to respond to the Order to Show Cause may result in the dismissal of this case.  ECF No. 6.  Plaintiff failed to respond.  Plaintiff has not communicated with the Court in any way September 28, 2015.  ECF No. 5.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.**  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED, this 22nd day of February, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge